IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES A. PALMER, | |
| Plaintiff | |
| VS. | NO. 5:09-CV-326 (CAR) |
| GDOC Commissioner BRIAN OWENS and "OTHERS UNKNOWN AT THIS TIME," | |
| Defendants | **ORDER & RECOMMENDATION** |

On September 17, 2009, plaintiff **CHARLES A. PALMER**, a prisoner at Phillips State Prison in Buford, Georgia, filed this 42 U.S.C. § 1983 lawsuit. Tab #1. In his complaint, plaintiff alleged that on January 12, 2009, he was subjected to unlawful excessive force during his confinement at Baldwin State Prison. Plaintiff named as defendants Brian Owens, Commissioner of the Georgia Department of Corrections ("GDOC"), and "others unknown at the time."

On October 15, 2009, this Court entered an enter directing plaintiff to explain why he is suing Commissioner Owens and to provide the names of the unknown defendants to allow for service of process. Tab #5. In response to the Court's October 15th order, plaintiff has filed a "Motion for Production of Evidence" (Tab # 6) wherein he asks the Court to compel Commissioner Owens to disclose the "names of any and all officers involved" in the incident of January 12, 2009. Plaintiff also explains that he is suing Commissioner Owens because, as Chief Officer of the GDOC, Owens is responsible for the actions of his subordinates.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  DISCUSSION

Plaintiff seeks to sue Commissioner Owens under the doctrine of supervisory liability. As a supervisor, Commissioner Owens is only liable under section 1983 for the unconstitutional acts of his subordinates if he personally participated in the acts constituting a constitutional violation, or if his actions were causally connected to the alleged constitutional violation. *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) (per curiam). A causal connection may be shown if (1) the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

In the present case, plaintiff has made no allegations whatsoever that Owens personally participated in, or had a causal connection to, the alleged use of excessive force. Because vicarious liability alone will not support a claim for relief under section 1983, it is **RECOMMENDED** that Commissioner Owens be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### III. MOTION FOR PRODUCTION OF EVIDENCE

In this motion, plaintiff seeks a court order directing Commissioner Owens to produce the names of the officers who were involved in the alleged use of excessive force on January 12, 2009. Under Federal Rule of Civil Procedure 10(a), plaintiff must provide the names of the defendants in this action. As this Court advised plaintiff in its October 15th order, the Eleventh Circuit Court of Appeals has held that a plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. ***Moulds v. Bullard***, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); ***Dean v. Barber***, 951 F.2d 1210, 1215-16 (11th Cir.1992).

It is incumbent upon plaintiff to discover the identities of the individuals who allegedly assaulted him. Because plaintiff is proceeding *pro se*, he will be given until **DECEMBER 30, 2009** to ascertain the name or identity of at least one valid defendant in order to perfect service of process. Assuming service of process is ordered, plaintiff can then use the discovery process to identify any remaining unknown defendants. Plaintiff is advised that if he wishes to replace the Doe defendants with specifically named defendants, he must do so before the applicable statute of limitations expires (presumably January **2011**).

In light of the foregoing, plaintiff's motion for production of evidence is **DENIED**.

**SO ORDERED and RECOMMENDED**, this 4th day of NOVEMBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE