IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLES A. PALMER,

    Plaintiff

VS.

UNKNOWN DEFENDANTS,      NO. 5:09-CV-326 (CAR)

    Defendants      **O R D E R**

On January 20, 2010, this Court dismissed the instant civil rights action without prejudice after plaintiff **CHARLES A. PALMER** failed to provide names, or other identifying information, to allow the Court to serve process on the defendants, all of whom were unidentified "CERT team officers." Plaintiff now files a document wherein he provides a physical description of two defendants. Plaintiff describes the Doe defendants as follows: John Doe # 1 is white male with brown hair, 30-35 years of age, 260-285 pounds, and 6'5" to 6-7" in height, and John Doe #2 is a white male with brown hair, 30-40 years of age, 200-240 pounds, and 5'-5" to 5'-8" in height. According to plaintiff, both Does are CERT team officers who were allegedly involved in the "disturbance" at Baldwin State Prison on January 12, 2009, and allegedly used excessive force against plaintiff.

The Eleventh Circuit Court of Appeals has held that a plaintiff may sue an unknown defendant only when he sufficiently identifies the defendant to allow service of process. ***Moulds v. Bullard***, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); ***Dean v. Barber***, 951 F.2d 1210, 1215-16

(11th Cir.1992). Plaintiff's description of the two CERT team officers is still not sufficient to enable the Court to serve the complaint directly upon said defendants. However, the Second Circuit Court of Appeals has held that prisoners are entitled to some assistance from the Court in identifying Doe defendants. *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). District courts can assist by directing service upon the prison warden in such instances. *See, e.g., Loadholt v. DOC*, 2009 WL 4230132 (W.D.N.Y. Nov. 24, 2009).

Because plaintiff is a *pro se* prisoner, the Court **VACATES** its January 20th order of dismissal and **DIRECTS** that a copy of the summons and complaint, along with plaintiff's pleading at Tab # 14, be served upon Baldwin State Prison Warden Carl Humphrey. Warden Humphrey is instructed to make a reasonable effort to identify the two unidentified CERT team officers based on the information provided by plaintiff. Warden Humphrey shall have thirty (30) days from the date of this order to attempt to determine the names of one or both Doe defendants, as described by plaintiff, and to provide the Court with his findings.

**SO ORDERED**, this 9th day of February, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE