IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES A. PALMER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:09-cv-326 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| Officer RICE, DAVID WOOD, and | : | |
| RONALD RUGER, | : | |
| | : | |
| Defendants. | : | |

_____

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc.

43] that Defendants' Motion for Summary Judgment be denied.  The Defendants filed

an Objection to the Recommendation [Doc. 44].  Having considered Defendants'

Objections and having investigated those matters *de novo*, this Court agrees with

the findings and conclusions of the United States Magistrate Judge that summary

judgment should be denied as to Defendants OFFICER RICE and DAVID

WOOD.  However, the Court finds there is insufficient evidence to support a

claim against Defendant RONALD RUGER.  Thus, the Recommendation [Doc. 43] is

**HEREBY ADOPTED IN PART,** and Defendants' Motion for Summary Judgment [Doc.

1

30] is **GRANTED IN PART, and DENIED IN PART**.  Defendant RUGER is hereby

DISMISSED from this action.

In this case, Plaintiff alleges all three Defendants used excessive force against him

in violation of the Eighth Amendment during a response to a prison disturbance at

Baldwin State Prison on January 12, 2009, where Plaintiff was incarcerated.   As the

Recommendation explains, the evidence in this case presents genuine issues of material

fact regarding the force used by Defendants Rice and Wood, thereby precluding

summary judgment for them.  The Court, however, finds Plaintiff has failed to present

sufficient evidence to maintain a claim against Defendant Ruger.

In their Objection, Defendants raise two arguments to support their contention

that the Recommendation is erroneous.  First, Defendants argue they are entitled to

summary judgment because the medical evidence contradicts Plaintiff's claim that he

was beaten.  Although, as the Recommendation specifically observes, the medical

evidence in this case raises questions about the credibility of Plaintiff's testimony, it is

not sufficient to negate Plaintiff's testimony altogether and warrant summary judgment

for Defendants.  Moreover, Plaintiff's injuries are inconsistent with Defendants' version

of the facts, and Defendants' contention that Plaintiff's injuries were self-inflicted is

speculative.

Second, Defendants argue that Plaintiff has produced insufficient evidence to

identify Defendants as the officers who participated in the beating.   The Court agrees

with the Recommendation that there is enough evidence to create a genuine issue of

material fact as to Defendants Wood and Rice.  At his deposition, Plaintiff testified that

he was able to identify Defendant Rice as one of his attackers.  Although Plaintiff was

only able to identify the others by physical description (it was in response to the Court's

order that the Warden identified Wood and Ruger as officers who were present at the

riot and who matched the physical descriptions provided by Plaintiff.  <u>See</u> Doc. 17),

Defendant Wood admits that he escorted Plaintiff to segregation after the riot.  Plaintiff

submitted an unsigned and unsworn statement purporting to be from a fellow inmate,

who states that he saw Rice and Wood beating Plaintiff.  Although this statement is

unsworn, it is corroborated by Plaintiff's identification of Rice and Wood's admission

that he was the officer who escorted Plaintiff to segregation immediately after the riot.

This evidence is enough to create a genuine issue of material fact.  Defendant Ruger,

however, is identified by name only in the Warden's report to the Court.  Thus, there is

insufficient evidence to support a claim against him.

## CONCLUSION

For the foregoing reasons, the Recommendation [Doc. 43] is **HEREBY**

**ADOPTED IN PART,** and Defendants' Motion for Summary Judgment [Doc. 30]

is **GRANTED IN PART, and DENIED IN PART**.  Defendant RUGER is hereby

DISMISSED from this action.


       **SO ORDERED**, this 22nd day of September, 2011.



                             S/  <u>C. Ashley Royal</u>
                             C. ASHLEY ROYAL
                             UNITED STATES DISTRICT JUDGE

SSH